IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-30015-SPM |
| JALEN JONES, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Defendant Jalen Jones was charged by a grand jury by way of indictment on January 21, 2021, with one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. §922(g)(1). (Doc. 1). Defendant pled guilty as charged on October 4, 2021. (Doc. 38). On February 8, 2022, this Court sentenced Jones to 71 months' imprisonment, to be followed by a term of supervised release of three years, and ordered him to pay a special assessment of $100. (Doc. 54-55). Judgment was entered on the same day. (Doc. 55). Jones did not appeal his sentence or conviction, nor has he collaterally attacked them.

On December 23, 2024, Jones filed the instant Motion to Vacate, asserting that 18 U.S.C. § 922(g)(1) is unconstitutional. (Doc. 77). On January 15, 2025, the Government filed a motion seeking to recharacterize Jones's motion as a petition under 28 U.S.C. § 2255. (Doc. 80). The Court agrees.

The Court finds that Defendant is seeking relief that he can only obtain through 28 U.S.C. § 2255. A postconviction motion that is functionally, substantively,

a motion under section 2255 should be treated as such, even if labeled differently. *Henderson v. United States*, 264 F.3d 709, 710 (7th Cir. 2001), citing *United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000). Therefore, Defendant's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence.

Accordingly, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), this Court is now advising Defendant of this Court's intent to characterize the Motion as one under § 2255 and warns Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court further advises Defendant that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. *Castro*, 540 U.S. at 383; *see also Nolan v. United States*, 358 F.3d 480, 482 (7th Cir. 2004).

**IT IS THEREFORE ORDERED THAT:**

(1) The clerk of this court is directed to open a civil case and file Defendant's pro se Motion to Vacate (Doc. 77) as a Motion Pursuant to 28 U.S.C. § 2255.

(2) The clerk is further directed to file the instant order in the newly opened civil case.

(3) Defendant is hereby notified that his Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Defendant is allowed thirty (30) days from the date of this Order to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(4) If Defendant does not withdraw or amend his Motion, the Government is allowed until March 4, 2025, to file its Response to Defendant's Motion in the newly opened civil case. If Defendant amends his Motion within 30 days, the

Government is allowed 30 days from the date of the amended Motion to file its Response in the newly opened civil case.

(5) Defendant's reply, if any, shall be filed within fourteen (14) days from the date on which the Government's response is filed. The reply brief shall be no longer than seven (7) pages.

**IT IS SO ORDERED.**

**DATED:   January 16, 2025**

>    **s/ *Stephen P. McGlynn***
>    **STEPHEN P. McGLYNN**
>    **U.S. District Judge**